SÁNCHEZ, PLAINTIFF AND APPELLEE, *v.* ATLAS COMMERCIAL COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1937.—Decided February 14, 1919.

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—PREMATURE QUESTION.—At the time of demurring to the complaint the defendant moved for a change of venue. Plaintiff opposed the motion alleging that the convenience of the witnesses required that the action should be tried in the district where it was brought, and the court sustained the objection on that ground and denied the motion for change of venue. *Held:* That according to the jurisprudence established in the case of *Torres et al.* v. *Torres et al.,* 16 P. R. R. 334, the question of the convenience of the witnesses was raised and decided prematurely, because, as the defendant had not answered the complaint, no question of fact had arisen which required the examination of witnesses.

The facts are stated in the opinion.
*Mr. Henry G. Molina* for the appellant.
*Mr. Angel A. Vázquez* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José Sánchez brought suit in the District Court of Mayagüez against the Atlas Commercial Company, a corporation engaged in the automobile business, to recover $10,200 as damages. In demurring to the complaint the defendant corporation moved for a change of venue to the District Court of San Juan, where its principal office is located. The motion to transfer was accompanied by an affidavit of merits

according to law.    The defendant corporation also alleged that it had no branch, office, agent, or representative at Mayagüez.    The plaintiff opposed the transfer, alleging that the convenience of the witnesses and the ends of justice required that the trial should be held at Mayagüez.    The defendant resisted the plaintiff's opposition and the court overruled the motion for change of venue on the ground of the convenience of the witnesses, as pleaded by the plaintiff.    Thereupon the defendant appealed to this court.

The decision appealed from is erroneous, according to the jurisprudence of the Supreme Court of California cited by this court in the case of *Torres et al.* v. *Torres et al.*, 16 P. R. R. 334.

The motion for change of venue should have been decided according to the law.    The plaintiff's opposition tacitly recognizes the defendant's right and notwithstanding that fact he prays that the action be tried in Mayagüez on the ground that the convenience of the witnesses demands it.    This is equivalent to a motion for change of venue under section 83 of the Code of Civil Procedure and it was made prematurely..

"Where a motion for change of venue on the ground of the convenience of the witnesses is filed together with a demurrer, it is premature, because the court cannot be called upon to exercise its discretion before there is an issue of fact." *Torres et al.* v. *Torres et al., supra.*

The appeal must be sustained and the order appealed from reversed, with instructions to the district court to forward the record to the District Court of San Juan in the manner prescribed by law.

*Reversed and change of venue ordered.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.